## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-1 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| ISIAHA WAULK, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.      Introduction

Pending before the Court are the following pretrial Motions filed by Defendant Isiaha Waulk ("Waulk"): (1) "Defendant's Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609" at ECF No. 216; (2) "Defendant's Motion to Compel Government to Disclose the Identity of Any Expert Witnesses It Intends to Call at Trial and the Nature of the Expert Testimony" at ECF No. 217; (3) a "Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses" at ECF No. 218; (4) a "Motion for Discovery" at ECF No. 219; and (5) a "Motion for Early Disclosure of All 'Jencks Act' Material" at ECF No. 220.

The Government filed an "Omnibus Response to Defendant's Pretrial Motions[,]" (ECF No. 230), so the Motions are ripe for disposition. For the following reasons, the Court will: (1) **GRANT IN PART** and **DENY IN PART** the Motion at ECF No. 216; (2) **GRANT** the Motion at ECF No. 217; (3) **DENY WITHOUT PREJUDICE AS MOOT** the Motion at ECF No. 218; (4) **GRANT IN PART** and **DENY IN PART** the Motion at ECF No. 219; and (5) **DENY WITHOUT PREJUDICE AS MOOT** the Motion at ECF No. 220.

II.     **Background**

On December 1, 2020, a federal Grand Jury indicted Waulk and his then co-Defendant, Derik Carothers ("Carothers"). (ECF No. 1). Count One of the Indictment charges Carothers and Waulk with conspiracy to distribute and possess with intent to distribute a quantity of cocaine base, in the form commonly known as crack, a Schedule II controlled substance. (*Id.* at 1); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Count Two charges Carothers and Waulk with possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 1 at 2); 18 U.S.C. § 924(c)(1)(A)(i). At Counts Three and Four, Waulk and Carothers, respectively, are separately charged with possession of a firearm and ammunition by a convicted felon. (ECF No. 1 at 3–4); 18 U.S.C. § 922(g)(1).

Carothers and Waulk both had their initial appearances and arraignments before Magistrate Judge Keith A. Pesto ("Judge Pesto") on January 13, 2021. (ECF Nos. 21, 27). There, both pleaded not guilty to the charges against them in the Indictment. (ECF Nos. 22, 28). The Court initially set trial for March 2, 2021. (ECF No. 31). After a two-month delay due to the COVID-19 pandemic, (ECF No. 33), either Waulk, Carothers, or both has moved to continue trial numerous times. Neither Defendant has proceeded to trial.

Carothers moved to sever himself from Waulk for trial purposes on October 10, 2022, (ECF No. 104), and the Court denied that Motion on March 2, 2023, (ECF No. 113). Nearly a year later, on January 26, 2024, Carothers filed a second Motion to Sever. (ECF No. 167). Because the Government did not oppose Carothers's second Motion, the Court granted the Motion and severed Defendants for trial April 5, 2024. (ECF No. 175). As of the date of this Memorandum

Opinion and Order, Waulk is individually scheduled to go to trial on October 21, 2024. (ECF No. 213).

Waulk filed the five pending pretrial Motions on July 2, 2024. (ECF Nos. 216–220). The Government responded in opposition to each Motion on July 30, 2024. (ECF No. 230).

## III.  Discussion

The Court will address each of Waulk's pretrial Motions in turn, beginning with his "Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609" (the "Rules 404(b) and 609 Motion"). (ECF No. 216).

### A.  Waulk's Rules 404(b) and 609 Motion

In his Rules 404(b) and 609 Motion, Waulk requests an Order compelling the Government to provide him "with a statement containing the nature, dates, and places of occurrences of any criminal offenses or acts of misconduct other than those specified in the Indictment that the prosecution will attempt to prove at trial, and the purpose for which the [G]overnment will seek to admit such evidence[.]" (ECF No. 216 at 1). By Waulk's telling, he "will need adequate notice" of the Government's intentions on this score "to investigate and prepare his defense to such evidence and in order to meaningfully assert his constitutional rights to due process, confrontation, compulsory process, and the effective assistance of counsel." (*Id.* at 2).

Waulk also requests that, "if necessary, … the Court hold a pretrial hearing on the admissibility of" any Rule 404(b) or Rule 609 evidence. (*Id.* at 4).

The Government responds that it "is aware of its obligation to provide the requested notice, but it has not yet determined whether it will seek to introduce evidence pursuant to [Rule] 404(b)." (ECF No. 230 at 5). If it "intends to seek admission of such evidence," the Government

explains, then "it will provide notice to [Waulk] no later than seven (7) business days before trial[.]" (*Id.*).

As to Waulk's request for a hearing, the Government avers that such a hearing "should not be necessary[.]" (*Id.*). The Government contends that a determination of the admissibility of Rule 404(b) or Rule 609 evidence requires "context that in most instances only becomes completely clear during trial." (*Id.*).

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "Other act" evidence, however, is admissible when offered for a purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed R. Evid. 404(b)(2).

In a criminal case such as this one, the Government is required to "provide reasonable notice of any such evidence that [it] intends to offer at trial, so that the defendant has a fair opportunity to meet it[.]" Fed. R. Evid. 404(b)(3)(A). The Government must do so "in writing before trial[,]" and "articulate in the notice the permitted purpose for which [it] intends to offer the evidence and the reasoning that supports the purpose[.]" Fed. R. Evid. 404(b)(3)(B), (C).

As the Court recently explained:

> What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution." *United States v. Johnson,* 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. *United States v. Long-Parham,* 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner,* 2020 U.S Dist. LEXIS 5485, at \*14–15, 2020 WL 211403 (M.D. Pa. Jan. 13, 2020).

-4-

*United States v. Pollard*, No. CR 20-29, 2023 WL 3569857, at *1 (W.D. Pa. May 19, 2023).

Here, as the Government notes, the Court's operative Pretrial Order requires the Government to disclose any Rule 404(b) evidence it plans to introduce at trial "[a]t least 7 calendar days before trial[.]" (ECF No. 213 at 3). Given the relatively straightforward nature of the prosecution, the Court is satisfied that the Government's commitment to provide notice under Rule 404(b) no later than seven days prior to trial is sufficient to afford Waulk the "reasonable notice" contemplated by that Rule. *See, e.g., United States v. Alex*, 791 F. Supp. 723, 728–29 (N.D. Ill. 1992) (finding seven days' notice sufficient under Rule 404(b)).

Accordingly, Waulk's request that the Court issue an Order requiring the Government to disclose Rule 404(b) evidence will be denied as moot. The Government remains bound by its obligation to disclose the Rule 404(b) evidence it intends to introduce at trial no later than seven calendar days before trial. (ECF No. 213 at 3).

Waulk also seeks a Court Order directing the Government to disclose any evidence it intends to introduce under Federal Rule of Evidence 609. That Rule governs any attempt by the prosecution to "attack[] a witness's character for truthfulness by evidence of a criminal conviction[.]" Fed. R. Evid. 609(a). Rule 609's only notice requirement is found in subsection (b), which "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Evidence of such a conviction is admissible only if "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(2).

Given Rule 609's structure, the Court "can only order the [G]overnment to provide advanced written notice of its intent to proffer Rule 609(b) evidence." *United States v. Moore*, No.

23-CR-40, 2024 WL 2785075, at *10 (W.D. Pa. May 30, 2024). Here, the Government has not indicated whether it is even aware of any Rule 609(b) evidence. But to the extent the Government becomes aware of such evidence and intends to use it at trial, the Government will be required to provide notice of that intent at the same time it provides notice under Rule 404(b)—no more than seven calendar days before trial. *See id.* Thus, Waulk's request on this score will be granted.

Finally, Waulk requests a hearing, "if necessary," to determine the admissibility of potential Rule 404(b) and Rule 609 evidence prior to trial. (ECF No. 216 at 4). At this juncture, the Court will deny that request as premature. The Court and the parties alike cannot know whether such a hearing is "necessary" until it knows the evidence the Government intends to introduce at trial. (*Id.*).

The denial of Waulk's Motion in this regard will be without prejudice, however. Though he "is not entitled to a pretrial hearing on any Rule 404(b) or Rule 609(b) evidence identified by" the Government, he is free to renew his request for a hearing on the matter once the Government provides notice of the evidence it intends to introduce at trial. *Moore*, 2024 WL 2785075, at *10–11 (denying defendant's motion for a pretrial hearing in similar fashion and explaining that "a defendant must make a colorable claim for such relief before the discretion to conduct such a hearing is brought into play"). If Waulk does so, the Court will decide at that time when and if such a hearing will be held.

## B. Waulk's Expert Testimony Motion

The Court turns now to Waulk's Motion to Compel the Government to Disclose the Identity of Any Expert Witness It Intends to Call at Trial and the Nature of the Expert Testimony (the

"Expert Testimony Motion"). (ECF No. 217). The Motion's title encapsulates the relief sought therein.

The Government responds that it does intend to call expert witnesses to testify at trial, but it is not yet certain "what evidence will require expert testimony." (ECF No. 230 at 6). No later than fourteen days before trial, the Government states it will provide Waulk with the material he requests. (*Id.*). Again, this accords with the Court's Pretrial Order, which requires the Government to disclose the witnesses it plans to call, along with "an offer of proof explaining the substance of the testimony of the witness[,]" "at least 14 calendar days before trial." (ECF No. 213 at 2).

What is not explicitly covered in the Court's Pretrial Order, however, is the Government's obligations under Federal Rule of Criminal Procedure 16. That Rule requires the Government to disclose, in writing, the following information regarding expert witnesses: (1) "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under [provision] (b)(1)(C);" (2) "the bases and reasons for them;" (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years; and" (4) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(a)(1)(G).

The Government acknowledges its obligations under Rule 16(a)(1)(G) in its response to Waulk's Motion and represents that it will disclose the material contemplated by that Rule no later than 14 days before trial. (ECF No. 230 at 6). Accordingly, Waulk's Expert Testimony Motion will be granted, and the Government will be required to provide its Rule 16(a)(1)(G) disclosures

by that deadline. *See United States v. Bennett*, No. 21-CR-15, 2023 WL 2965699, at *5–6 (W.D. Pa. Apr. 17, 2023) (Haines, J.) (granting a virtually identical motion and finding the Government's proposed due date for disclosure of Rule 16(a)(1)(G) materials—fourteen days before trial—"to be reasonable").

C.   **Motion to Disclose Plea Bargains, Preferential Treatment, and Promises to Government Witnesses**

Waulk's third pretrial Motion seeks an "Order compelling the Government to disclose plea bargains, preferential treatment, and promises of any nature to Government witnesses[.]" (ECF No. 218 at 1). He "avers that the Government may call as witnesses at" trial "various persons, including cooperating witnesses, confidential informants, and unindicted or indicted co-conspirators with whom it has entered into plea bargains or arrangements or has otherwise given preferential treatment or extended promises of leniency[.]" (*Id.*).

Waulk therefore seeks "disclosure of the names of all witnesses with whom the Government has entered into such bargains or has otherwise given preferential treatment or extended promises of any kind in return for their assistance or testimony in this case," as well as "full and complete statements of the nature and extent of any such bargain, preferential treatment, or promises." (*Id.* at 1–2).

Waulk's request is premised primarily on two Supreme Court decisions: *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Under *Brady*, the Government's suppression "of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. And pursuant to *Giglio*, exculpatory evidence under *Brady*

includes information that could be used to impeach a Government witness, including "evidence of any understanding or agreement" between the Government and a witness. *Giglio*, 305 U.S. at 154–55.

The Government responds to Waulk's Motion by first noting that it "is aware of its obligation to provide *Brady* and *Giglio* material, and it will continue to provide that material to [Waulk] as it is received[.]" (ECF No. 230 at 6). As the Government highlights, it was advised of its duty on this score in January 2021, when the Court issued an Order "confirm[ing] the prosecutors' obligations under *Brady* …, *Giglio* …, and subsequent cases[.]" (ECF No. 20). The Government also emphasizes that it will comply with the Court's Pretrial Order, which requires disclosure of "any *Brady/Giglio* materials not previously disclosed at least 14 calendar days before trial." (ECF No. 213 at 3).

Moreover, the Government frames Waulk's Motion "as an improper request to compel the prosecution to prematurely identify a witness for a trial that may not even occur and, in any event, may not occur for several months." (ECF No. 230 at 7). "[P]remature identification" of the sort Waulk seeks, the Government argues, "would place the individuals targeted by [Waulk's] motion, as well as the friends and family of those individuals, in jeopardy." (*Id.* at 9). Despite its objection to disclosing the information Waulk seeks at this time, the Government represents that it will provide a witness list and any *Brady/Giglio* information "sufficiently in advance of trial for [Waulk] to be able to make effective use of it." (*Id.* at 7–8).

The Court agrees with the Government that requiring disclosure of the material Waulk seeks through his Motion would be, at this juncture, premature. *See United States v. Baldwin*, 22-CR-284, 2024 WL 1003968, at *10 (W.D. Pa. Mar. 8, 2024) (cautioning against granting a motion

that would "prematurely identify[] a government witness" because "to provide [*Giglio*] impeachment material … at this time … would identify the witness" and "may potentially subject the witness to harassment or retaliation"). Thus, the Court will deny Waulk's Motion without prejudice as moot, considering the Government's obligation, pursuant to the Pretrial Order, to disclose both its witness list and copies of any *Brady/Giglio* materials at least 14 days before trial. (ECF No. 213 at 2–3); *See Baldwin*, 2024 WL 1003968, at \*10–11 (denying a request for "the immediate disclosure" of "exculpatory and impeachment material pursuant to *Giglio* and *Brady*" and requiring the Government to disclose such material 14 days prior to trial).

### D.      Waulk's Motion for Discovery

Waulk's Motion for Discovery seeks "an Order directing the attorney for the Government to turn over" a variety of requested information. (ECF No. 219). More specifically, Waulk requests the following throughout his Motion:

(1)      All "documents and materials relating to each individual count of the indictment which the Government intends to offer in its case in chief or that would be material to the preparation of the defense or that was obtained from [Waulk.]" (*Id.* at 1–2).

(2)      All "copies of any written or recorded statements made by" Waulk, including, among other things, "any written summaries of [Waulk's] oral statements contained in the handwritten notes of any Government agent[.]" (*Id.* at 2).

(3)      All "arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding [Waulk's] arrest or questioning," including rough notes, records, reports, and videos. (*Id.* at 3).

(4)      A copy of Waulk's "prior criminal record, as within possession, custody or control of the Government[.]" (*Id.*).

(5)      *Brady* material. (*Id.* at 4).

(6)      Any "evidence seized because of any search, either warrantless or with a warrant[.]" (*Id.*).

(7)     That "all videotapes, dispatch tapes, or any other physical evidence that may be destroyed [or] lost" be "preserved[.]" (*Id.*).

(8)     The "opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including," *inter alia*, "alleged contraband," "books," and "papers[,]" that are material to the defense or intended for use in the Government's case in chief. (*Id.*).

(9)     All "relevant information concerning any informants or cooperating witnesses involved in this case." (*Id.* at 4–5).

(10)    Any "evidence that any prospective Government witness is biased or prejudiced against [Waulk] or has a motive to falsify or distort his or her testimony." (*Id.* at 5).

(11)    Any "evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the Defendant." (*Id.*).

(12)    Any "evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct." (*Id.* at 6).

(13)    Any evidence "tending to show that any prospective witness'[s] ability to perceive, remember, communicate, or tell the truth is impaired, [and] any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic or any other evidence showing lack of competency or impartiality." (*Id.*)

(14)    A "list of all the Government witnesses who are anticipated or who might be called at trial[.]" (*Id.* at 7).

(15)    The "names and addresses of any witnesses who have made an arguably favorable statement concerning the Defendant, including negative exculpatory statements[.]" (*Id.*).

(16)    Any statement that may be "relevant to any possible defense or contention[.]" (*Id.*).

(17)    All material to which he is entitled "pursuant to the *Jenks Act*, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2." (*Id.*).

(18)    *Giglio* information. (*Id.* at 8).

(19)   That the "Government examine the personnel files and any other files within its custody, care or control, which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents." (*Id.*)

(20)   Disclosure "of the identities, qualification, and testimony of any expert witnesses the Government intends to call at trial." (*Id.*).

The Court first notes that thirteen of Waulk's twenty requests—those numbered 5 and 9–20 above—are generally duplicative of relief Waulk seeks in his other pretrial Motions. More specifically, the Court has already ruled on his request for information regarding expert witnesses[1] and *Brady/Giglio* material,[2] and it will turn next to Waulk's separate Motion seeking Jencks Act materials.[3] The Court will therefore deny Waulk's Motion as moot as it pertains to those requests.

Moreover, six of the seven remaining requests—those numbered 1–4, 6, and 8 above—are made explicitly pursuant to Federal Rule of Criminal Procedure 16.[4] That Rule "delineates the categories of information to which defendants are entitled in pretrial discovery in criminal

---

[1] This refers to Waulk's request entitled "Expert Witnesses[.]" (ECF No. 219 at 8).

[2] The specific requests in Waulk's Motion that fall under this *Brady/Giglio* umbrella are entitled as follows: (1) "Brady Material"; (2) "Information Regarding Informants and Cooperating Witnesses"; (3) "Evidence of Bias or Motive to Lie"; (4) "Impeachment Evidence"; (5) "Evidence of Criminal Investigation of Any Government Witness"; (6) "Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling"; (7) "Government Witnesses"; (8) "Names of Witnesses Favorable to the Defendant"; (9) "*Giglio* Information"; and (10) "Government Examination of Law Enforcement Personnel Files[.]" (ECF No. 219 at 4–8); *see also United States v. Stanko*, No. 18-CR-334, 2021 WL 2349392, at *52 (W.D. Pa. June 9, 2021) (categorizing an identical set of requests "as relating to *Giglio* and/or *Brady* material").

[3] Here, the Court refers to Waulk's requests entitled "Statements Relevant to the Defense" and "Jencks Act Material[.]" (ECF No. 219 at 7); *see also Stanko*, 2021 WL 2349392, at *56 (categorizing an identical pair of requests as seeking "early disclosure of Jencks Act material"). Because the Court will address the request Waulk makes for this material when analyzing his "Motion for Early Disclosure of All 'Jencks Act' Materials[,]" (ECF No. 220), the Court will deny the duplicative requests contained in his Motion for Discovery as moot.

[4] The specific requests to which the Court refers are titled in Waulk's Motion as follows: (1) "Documents and Materials"; (2) "The Defendant's Statements"; (3) "Arrest Reports, Notes and Dispatch Tapes"; (4) "Prior Criminal Records"; (5) "Evidence Seized"; and (6) "Tangible Objects[.]" (ECF No. 219 at 1–4).

cases[.]" *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).[5] In responding to Waulk's Motion, the Government stated that it "has complied with its discovery obligations under Federal Rule of Criminal Procedure 16 and intends to continue to do so." (ECF No. 230 at 9). Indeed, Waulk represents in his Motion for Discovery that he has "received initial and supplemental Rule 16.1 material." (ECF No. 219 at 1); (*see also* ECF Nos. 71–73) (receipts for Rule 16.1 Material regarding Waulk). Thus, because the Government has abided by its obligations on this score and represents that it will continue to do so, the Court will deny Waulk's Motion as moot insofar as he seeks material covered by Rule 16. *See United States v. Stanko*, No. 18-CR-334, 2021 WL 2349392, at *48 (W.D. Pa. June 9, 2021) (denying a similar request for Rule 16 material as moot where the Government had "already disclosed" certain information and represented that it will continue "to provide additional materials").

That leaves the Court with Waulk's seventh request, which asks "that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved[.]" (ECF No. 219 at 4). The Government does not specifically respond to this request.

The Court notes that the Government possesses a "duty to preserve evidence that (1) possesses an apparent exculpatory value, and (2) is of such a nature that the defendant would be

---

[5] The Court notes that *Ramos* also provides that "additional material" is "discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *Ramos*, 27 F.3d at 68. "As a general matter, these other areas are limited to the Jencks Act (18 U.S.C. § 3500) and materials available pursuant to the 'Brady doctrine.'" *Bennett*, 2023 WL 2965699, at *7–8 (citing *Ramos*, 27 F.3d at 68). Because the Court separately addresses the Government's obligations with respect to *Brady* and the Jencks Act when analyzing Waulk's other pretrial Motions, the Court does not repeat any discussion of those obligations when addressing Waulk's Motion for Discovery.

unable to obtain comparable evidence by other available means." *United States v. Sherman*, 293 F. App'x 158, 160 (3d Cir. 2008) (citing *California v. Trombetta*, 467 U.S. 479, 489 (1984)). Accordingly, the Court will grant Waulk's "Request for Preservation of Evidence[,]" and the Government shall preserve evidence that falls within the ambit of the standard just articulated.

In sum, because (1) many of Waulk's requests are generally redundant of the relief he seeks elsewhere in his pretrial Motions, and (2) the Government represents that it has "provided [Waulk] with the requested items to the extent they exist, are in the possession of the prosecution, and are material and discoverable at this time[,]" (ECF No. 230 at 11), the Court will deny the vast majority of Waulk's Motion for Discovery as moot. The Court will, however, grant Waulk's request with respect to the Government's obligation to preserve the evidence discussed in the preceding paragraph.

Finally, the Court's denial of Waulk's Motion will be without prejudice. Because Waulk represents that he has "received initial and supplemental Rule 16.1 material" and makes the requests contained in his Motion "in an abundance of caution," it does not appear to the Court that there is any live discovery dispute in this matter. (ECF No. 219 at 1). But if any discovery issues were to arise as this case progresses, dismissal without prejudice affords Waulk the opportunity to address those issues through a subsequent motion.

### E.    Motion for Early Disclosure of All "Jencks Act" Material

Waulk's fifth Motion seeks a Court Order mandating the production of Jencks Act materials thirty days prior to trial. (ECF No. 220 at 2). The Jencks Act "requires the Government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination." *Bennett*, 2023 WL 2965699, at *9.

Waulk concedes that "the Jencks Act itself does not require the Government to produce" the material he seeks "before a witness testifies at trial," but he argues that "the Court has the inherent power to require the production of such materials in order to protect [the] due process rights of [a d]efendant, to assure a fair trial, and in order for a [d]efendant to adequately prepare his defense." (*Id.* at 1–2); *see also* 18 U.S.C. § 3500(a). He argues generally that delayed production of Jencks Act materials would necessitate "delays during the trial" and potentially deprive Waulk of effective assistance of counsel. (*Id.* at 2).

The Government responds that although it is not obligated to produce Jencks Act material until after a witness testifies, it nonetheless recognizes the "delay in the trial" this tact may produce. (ECF No. 230 at 11). The Government therefore represents that it will disclose Jencks Act "material to [Waulk] no later than four (4) [] days before trial, in compliance with the Court's [] Pretrial Order." (*Id.* at 11–12); (*see also* ECF No. 213 at 3) ("The Government is encouraged to provide all Jencks Act materials to Defendant no later than 4 calendar days before trial.").

The disclosure of Jencks Act materials is governed not only by the Act itself, but also Federal Rule of Criminal Procedure 26.2. *United States v. Heilman*, 377 F. App'x 157, 195 (3d Cir. 2010) (describing the Jencks Act and Rule 26.2 as "virtually identical" provisions that "can be used interchangeably"). By its own terms, Rule 26.2 applies at trial, at a suppression hearing, and at other hearings such as preliminary hearings, sentencings, detention hearings, and hearings to revoke or modify probation or supervised release. Fed. R. Crim. P. 26.2(g).

Waulk's request does not fall within the list of pretrial events just enumerated.[6] *See United States v. Cummings*, 400 F. Supp. 2d 822, 830 (W.D. Pa. 2005) (Gibson, J.) (denying a motion for early disclosure of Jencks Act material in part because the defendant's request "does not fall within the list of pretrial events outlined in Fed. R. Crim. P. 26.2(g)"). Instead, his Motion focuses on Jencks Act material relative to witnesses testifying "at trial[.]" (ECF No. 220 at 1).

As the Government notes, the Court's Pretrial Order "encourage[s]" the Government to "provide all Jencks Act materials to Defendant no later than 4 calendar days before trial[,]" (ECF No. 213 at 3), and the Government represents that it will comply with that obligation, (ECF No. 230 at 11–12). Because neither the Jencks Act nor Rule 26.2 "requires production of Jencks material based on what is essentially a general discovery request based upon considerations of trial efficiency[,]" the Court will deny Waulk's Motion and reiterate that the Government is encouraged to abide by the timeline set for disclosure of Jencks Act materials in Waulk's Pretrial Order. *Cummings*, 400 F. Supp. 2d at 830; *see also Bennett*, 2023 WL 2965699, at *9–10 (denying a defendant's request that the court enter an order "<u>requiring</u> early disclosure of Jencks material," but committing to "enter an order <u>encouraging</u> the Government to provide Jencks material no later than the deadline set in the [] jury trial order") (emphasis in original).

An appropriate Order follows.

---

[6] The Court notes that, after Waulk filed his Motion regarding Jencks Act materials, the Court scheduled a hearing regarding his pending Suppression Motion for August 28, 2024. (ECF No. 221). To the extent Waulk believes there is a need for disclosure of Jencks Act materials specific to that hearing, he is free to file a subsequent motion making such an argument. Accordingly, the Court will deny Waulk's Jencks Act Motion without prejudice.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-1 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| ISIAHA WAULK, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, to wit, this ___26th___ day of August, 2024, upon consideration of (1) Defendant Isiaha Waulk's "Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609" at ECF No. 216; (2) "Defendant's Motion to Compel Government to Disclose the Identity of Any Expert Witnesses It Intends to Call at Trial and the Nature of the Expert Testimony" at ECF No. 217; (3) Defendant's "Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses" at ECF No. 218; (4) Defendant's "Motion for Discovery" at ECF No. 219; (5) Defendant's "Motion for Early Disclosure of All 'Jencks Act' Material" at ECF No. 220, and (6) the Government's "Omnibus Response to Defendant's Pretrial Motions" at ECF No. 230, **IT IS HEREBY ORDERED** as follows:

- Defendant's Motion regarding Rules 404(b) and 609 at ECF No. 216 is **GRANTED IN PART** and **DENIED IN PART** as follows for the reasons stated in the accompanying Memorandum Opinion:

   o Defendant's Motion is **GRANTED** insofar as it seeks disclosure of evidence pertaining to Rule 609(b), and the Government shall provide

-17-

advanced written notice of its intent to proffer Rule 609(b) evidence, to the extent it plans to introduce such evidence, no later than seven calendar days before trial.

- o Defendant's Motion is **DENIED WITHOUT PREJUDICE AS MOOT** in all other respects. The Government remains obligated, pursuant to the Pretrial Order at ECF No. 213, to disclose to Defendant the Rule 404(b) evidence it intends to introduce at trial no later than seven calendar days before trial.

- Defendant's Motion regarding Expert Witnesses at ECF No. 217 is **GRANTED** only to the extent that the Government is required to disclose, in writing, the information contemplated by Federal Rule of Criminal Procedure 16(a)(1)(G) no later than 14 days before trial.

- Defendant's Motion regarding Plea Bargains and Preferential Treatment at ECF No. 218 is **DENIED WITHOUT PREJUDICE AS MOOT**. The Government remains obligated, pursuant to the Pretrial Order at ECF No. 213, to disclose both its witness list and copies of any *Brady/Giglio* materials at least 14 days before trial.

- Defendant's Motion for Discovery at ECF No. 219 is **GRANTED IN PART** and **DENIED IN PART** as follows:

- o Defendant's "Request for Preservation of Evidence[,]" (ECF No. 219 at 4), is **GRANTED**, and the Government is reminded of its duty to preserve evidence that possesses an apparent exculpatory value and is of such a nature that Defendant would be unable to obtain comparable evidence by other available means.

- o   The remainder of Defendant's Motion is **DENIED WITHOUT PREJUDICE AS MOOT** for the reasons set forth in the accompanying Memorandum Opinion.

- Defendant's Motion regarding Early Disclosure of Jencks Act Materials at ECF No. 220 is **DENIED WITHOUT PREJUDICE AS MOOT** for the reasons set forth in the accompanying Memorandum Opinion. Per the Court's Pretrial Order at ECF No. 213, the Government is encouraged to provide all Jencks Act materials to Defendant no later than 4 calendar days before trial.

**IT IS FURTHER ORDERED** that all other obligations outlined in the Court's Pretrial Order at ECF No. 213 remain in full force and effect.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**